TOWN OF SEWARD v. SEWARD WATER & POWER CO.

(Third Division. Valdez. February 26, 1914.)

No. 408–C.

LICENSES ☜5½—POWER TO IMPOSE—MUNICIPAL CORPORATIONS.

   The town of Seward by ordinance levied a license tax on the defendant Water & Power Company of one dollar per month for the use and occupation of the streets and alleys of the town. The company refused to pay the license, and was fined by the municipal or town magistrate for the nonpayment. On appeal to the district court, *held*, the town has no power or authority to impose a tax for revenue, except such as it is expressly authorized to levy and collect by the legislative power creating it. The tax in controversy is not so authorized. Judgment reversed.

The Seward Water & Power Company was fined $15 before the city magistrate of Seward for the violation of Ordinance No. 15 of that town, which provides:

"Section 1. That the Seward Light & Power Company, a corporation, the Alaska Electric Company, a corporation, the Seward Water & Power Company, a corporation, their and each of their successors and assigns, shall each pay to the town treasurer of the town of Seward, for the use and benefit of said town, on the tenth day of January, A. D. 1914, and upon the tenth day of each and every month thereafter during the use and occupation, by such corporations, of the streets and alleys of said town, in the conducting and carrying on of the respective business in which it now is engaged, the sum of one dollar per month as and for an advance monthly license fee for the use and occupation of said streets and alleys as aforesaid: Provided, that any corporation, company or person engaged in similar or like business to that of the corporation hereinbefore named shall also be required to so pay said advance monthly license fee, and any such corporation, company or person is hereby required to so pay said advance monthly license fee before being permitted to carry on or attempt to carry on any line of business in the pursuit of which the streets and alleys of said town of Seward are used and occupied in connection therewith."

Section 2 provides the penalty for violation of the ordinance.

Said company appeals from said judgment, and without submitting any evidence whatever, rests its claim for a reversal on the allegation that said ordinance is void, the common council of said town having no power to enact the same.

L. V. Ray, of Seward, for plaintiff.
S. O. Morford, of Seward, for defendant.

BROWN, District Judge.   Chapter 21 of the Civil Code of Alaska provides for the incorporation of towns and enumerates the powers of the common councils elected therein, and section 627 thereof reads:

"That the   *   *   *   common council shall have and exercise the following powers:

"Fourth. To provide for the location, construction, and maintenance of the necessary streets, alleys, crossings, sidewalks, sewers, and wharves.   *   *   *

"Sixth. To provide for fire protection, water supply, lights, wharfage, public health, and police protection, and the relief of the destitute and indigent.   *   *   *

"Fourteenth. To take such action by ordinance, resolution, or otherwise, as may be necessary to protect and preserve the lives, the health, the safety, and the well-being of the people in the town and to publish all ordinances."

It cannot be doubted that incorporated towns in Alaska have all of the usual powers of control over their streets, including the right to grant franchises for lighting, water supply, etc., and to fix the terms thereof, and regulate the conduct of such utilities.

There is nothing in the record in this case as to any franchise ever having been granted appellant, so it will be assumed that it is rightfully carrying on its said business and is subject to all reasonable and proper regulations by the municipality, and whatever taxation the legislative power has authorized.

Appellant is subject to a municipal tax upon its tangible property of not exceeding two per cent. per annum to be levied by the common council.   Subdivision 9, § 627, Comp. Laws.

It is also liable for the payment of $50 per annum under chapter 44 of the Code of Criminal Procedure of Alaska, for

a license tax, which said tax goes into the municipal treasury for municipal purposes.

The power to impose taxes is vested exclusively in the legislative department of government, and cannot be exercised except in pursuance of its authority. 37 Cyc. p. 724.

There is no power delegated to the municipal corporations of Alaska to tax property within the corporate limits, except as hereinbefore cited.

While the common council would have the right upon granting a franchise to a corporation to supply water to the town, to impose such terms as might be agreed upon, or as might be reasonable, and would have the further right in the exercise of its police power to compel the service corporation to keep its poles, tracks, pipes, or other equipment in a safe and proper condition, it has no right to impose a tax for revenue purposes except such as it is expressly authorized to levy and collect by the legislative power creating it.

From the language employed in the said Ordinance No. 15 the tax is attempted to be imposed "as a monthly license fee for the use and occupation of the streets and alleys" of the town of Seward.

The defendant company already is required to pay one license tax or fee under the federal law above cited, and this attempt of the town to impose a second license fee amounts to double taxation in my opinion, and if sustained would enable the town council to increase it at will and thus confiscate the property of the defendant.

I am forced to the conclusion that there is no authority of law empowering the town of Seward to require the payment of such license tax or fee, and the judgment of the municipal court of Seward will therefore be reversed, at the cost of the appellee.